UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

2003 JAN -9  A 11: 49

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

January 8, 2003

RE: <u>Pinchas v. Jordan, et al.</u>, WMN-01-2758

MEMORANDUM

Dear Mr. Pinchas and Mr. Brick:

By letter order dated December 3, 2002, I directed Mr. Pinchas to provide the court with a statement of reasons why the two Subpoenas Duces Tecum he requested should be issued, specifically addressing my concerns regarding potential burden and expense that might be imposed upon the recipients of the subpoenas. On December 9, 2002, the court received Plaintiffs' Motion to Issue Subpoena Tecum Duces (sic) which the court assumes is intended to be responsive to the court's December 3rd order. (Paper No. 44). Defendants filed a response thereto as directed by the court. (Paper No. 47).

In his motion, plaintiff does not address in any manner the court's concerns regarding the potential burden or expense upon the recipients of the requested subpoenas. Instead, plaintiff focuses on alleged failure to provide discovery by the defendants which plaintiff claims has caused him to have to seek discovery from other sources, that is, via the two Subpoenas Duces Tecum. Defendants respond that plaintiff's request for the two subpoenas is merely a means to circumvent the discovery rules and the schedule in this case by seeking discovery from third parties when defendants have answered all of plaintiff's discovery requests. Defendants maintain that, if plaintiff takes issue with any of defendants' discovery responses, he should pursue a motion to compel, rather than seeking discovery from third parties, one of which—CISS—has two of the defendants as its officers.

It appears that plaintiff is challenging defendants' discovery responses because plaintiff attempted to file a Motion for Sanctions against the defendants. The motion was returned to plaintiff by the clerk on December 19, 2002 for failure to comply with Local Rule 104.8. Indeed, plaintiff must comply with the court's local rules by trying to resolve his discovery disputes with defendants before proceeding directly to filing a Motion for Sanctions. Given that the only reason plaintiff has offered to support his subpoena requests is that defendants have not responded to his discovery and that plaintiff is in the midst of pursuing his complaints about defendants' discovery responses, I conclude that the issuance of the two subpoenas requested by plaintiff is not appropriate. This is particularly true in light of the fact that plaintiff has not offered any information regarding why the burden or expense that would be imposed upon the recipients of the subpoenas would not be

Memorandum
<u>Pinchas v. Jordan, et al.</u>, WMN-01-2758
January 8, 2003
page 2

excessive. Defendants, on the other hand, have proffered that compliance with the subpoenas would require the production of virtually all documents of CISS that exist worldwide. (Paper No. 47 at 2).

The requested subpoenas, on their face, are extremely expansive in terms of time frame and information requested. Plaintiff has not offered any information addressing the court's concerns regarding burden and expense. Accordingly, pursuant to Local Rule 102.3, the court concludes that the subpoenas impose an undue burden and expense on the persons subject to the subpoenas and, therefore, declines to authorize the issuance of the subpoenas.

For the foregoing reasons, plaintiff's Motion to Issue Subpoena Tecum Duces (sic) (Paper No. 44) is denied.

Despite the informal nature of this letter, it will constitute an order of the Court and will be docketed accordingly.

Sincerely,

Beth P. Gesner
United States Magistrate Judge

cc: Judge Nickerson
    Court file