FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2003 FEB 21  P 4: 30

RAFAEL I. PINKHASOV PINCHAS :

                               :

v.                          : Civil Action No. WMN-01-2758

                               :                DEPUTY

JORDAN, <u>et al.</u>           :

**MEMORANDUM**

Before the Court is Plaintiff's Emergency Motion for
Temporary Restraining Order (Paper No. 51). On November 23,
2002, the Sport Organization of the Deaf (SOD) in the Republic of
Uzbekistan, nominated Plaintiff to be one of its two delegates at
the 38th International Committee of Sports for the Deaf (CISS)
Congress. Pl.'s Mot. at ¶ 4. On January 8, 2003, SOD also
nominated Plaintiff to the position of the CISS Secretary General
during the 38th CISS Congress. <u>Id.</u> at ¶ 5. The CISS Congress is
scheduled to take place on February 27 and 28, 2003 in Sundsvall,
Sweden. <u>Id.</u> at ¶ 7. On December 20, 2002 and on various dates
in January and February, 2003, SOD officials received several
messages from Defendant Ammons and defense counsel Kelby Brick.
Both Ammons and Brick "demanded and are still demanding the
complete removal of plaintiff as a delegate for Uzbekistan at the
38[th] CISS Congress." <u>Id.</u> at ¶ 9. Plaintiff alleges that in his
communications, Brick argued that Plaintiff is "ineligible to
represent the nation of Uzbekistan because of his dual
citizenship/mixed resident status and because Plaintiff is also a

resident of New York, USA," (Pl.'s Mot. at ¶ 12) and that

Plaintiff is not permitted to participate in any CISS activities

because he "blatantly, deliberately and intentionally violated

the CISS Constitution Rule 15 by suing the CISS and its three

officers." Pl.'s Exh. C, Letter from Kelby Brick to Mukim

Karimov, President SOD. Plaintiff requests, inter alia, that the

Court enable him "to act as a full-fledged delegate of Uzbekistan

at the 38th CISS Congress in Sweden."

Plaintiff has provided no jurisdictional basis for his

motion. As a general rule, courts will not interfere with the

internal affairs of a voluntary membership organization.

N.A.A.C.P. v. Golding, 342 Md. 663, 672-73 (1996); see also,

Franklin v. Burham, 82 N.Y.S. 882, 884 (N.Y. 1903) ("It is the

province of all courts constituting the civil judiciary to take

cognizance only of those rights which flow from the common law,

legislative enactments, political constitutions, and

international treaties. The right to membership in the Masonic

fraternity springs from no one of those sources. Membership

therein confers no legal right of which a court of equity will

take cognizance."). The CISS surely has its own policies

concerning delegate eligibility. When Plaintiff chose to join

the organization, he agreed to be bound by its constitution and

by-laws. Whether Plaintiff is eligible to act as a delegate of

2

Uzbekistan is simply not a question conferring federal

jurisdiction.  Accordingly, this Court will deny Plaintiff's

emergency motion for a temporary restraining order.  A separate

order consistent with this memorandum will issue.

William M. Nickerson
Senior United States District Judge

Dated: February 21 ,2003

3